IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**RICHARD LAQUERRE**  **PLAINTIFF**
**ADC #168642**

v.  **CASE NO: 5:19CV00263-JM**

**ARKANSAS BOARD OF CORRECTION,** *et al*.  **DEFENDANTS**

## ORDER

The Court has reviewed the Proposed Findings and Recommended Disposition submitted by United States Magistrate Judge Joe J. Volpe and the objections filed by Mr. Laquerre.

I realize the quandary in which Mr. Laquerre finds himself. He seeks class certification (Doc. No. 9) but was denied this request - in part - because he is not a lawyer. And when Mr. Laquerre asked, he was denied a lawyer. (Doc. No. 5.) The magistrate judge relied largely on Rule 23 of the Federal Rules of Civil Procedure. (Doc. No. 10.) Plaintiff objects and points to *Finney v. Arkansas Board of Correction*, 505 F.2d 194 (8th Cir. 1974) where inmates were allowed to proceed by class action. (Doc. No. 11.) But Rule 23(g) is a new provision arising from the 2003 amendments. Rule 23(g)(1) states that "a court that certifies a class *must* appoint class counsel," and (g)(3) permits the court to "designate interim counsel on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g). 23(g)(1)(A)(i) requires consideration of "the work counsel has done in identifying or investigating the potential claims in the action" for a lawyer who is already involved in the present action. *Id*. "In a plaintiff class action the court usually would appoint as class counsel only an attorney or attorneys who have sought appointment." Fed. R. Civ. P. 23(g) advisory committee's note. "The rule simply does not contemplate appointing an attorney for a pro se litigant." *Shepard v. Waterloo*,

No. 14-cv-2057-LRR, 2015 WL 2238358, at *1 (N.D. Iowa May 12, 2015); see also *Jackson v. Dayton*, No. 14-CV-4429 (WMW/JJK), 2016 WL 2931616, at *1 (D. Minn. Mar. 22, 2016) (citing *Shepard*, 2015 WL 2238358, at *1), *R&R adopted by* 2016 WL 2930913 (D. Minn. May 19, 2016).

Furthermore, "To be certified as a class, plaintiffs must meet all of the requirements of Rule 23(a) and must satisfy one of the three subsections of Rule 23(b)." *Postawko v. Missouri Dept. of Corr.*, 910 F.3d 1030, 1036 (8th Cir. 2018)(citations omitted.) In *Postawko*, the Court granted class certification, but it is distinguishable because of the commonality and typicality requirements. All class members in *Postawko*: (1) had hepatitis C, (2) were challenging the lack of screening and a prison policy prohibiting certain types of treatment for that disease, and (3) would be entitled to the same type of injunctive relief. The cases involving Mr. Laquerre have a wide variety of medical problems and treatments and would likely require varying injunctive relief. For example, Mr. Brownell's claims involve allegations of unconstitutional conditions of confinement, whereas Plaintiffs Laquerre, Hollis, Inman and Walker raise claims of deliberate indifference to serious medical needs – and each of these needs is different. In addition, Plaintiffs Gibson and Darrough have failed to provide applications to proceed *in forma pauperis* so their claims have not yet been screened pursuant to 28 U.S.C. § 1915A. Lastly, these cases are so new, service orders are not yet even ripe. Therefore, the issue of exhaustion has not been addressed which could be critical to the issue of class certification. Accordingly, at this very early stage of the litigation, I find Plaintiff's Motion is premature and he fails to meet his burden under either Rule 23 (a) or (b). It should be denied at this time. Denial is without prejudice and, when the time is right, Plaintiff may renew his Motion. At this time, Plaintiff's Motion for counsel is also denied. He may be appointed counsel should his case proceed past the dispositive motions stage. For now,

Plaintiff's claims do not appear legally or factually complex, and it appears Plaintiff is very capable of prosecuting these claims without appointed counsel

Therefore, after carefully considering Mr. Laquerre's timely filed objections and making a *de novo* review of the record, the Court concludes that the Proposed Findings and Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion for Class Certification (Doc. No. 9) is DENIED.

2. Plaintiff's request for injunctive relief is DENIED.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 20th day of September, 2019.

UNITED STATES DISTRICT JUDGE