IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RICHARD LAQUERRE											PLAINTIFF
ADC #168642

v.								5:19cv00263-JM-JJV

ARKANSAS BOARD OF CORRECTION, *et al*.					DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.	Why the record made before the Magistrate Judge is inadequate.

2.	Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.   INTRODUCTION**

Richard Laquerre ("Plaintiff"), an inmate at the Tucker Unit of the Arkansas Department of Correction, filed this action *pro se* pursuant to 42 U.S.C. § 1983.[1] (Doc. No. 2.) On August 16, 2019, I advised Plaintiff that his claims were defective and gave him the opportunity to file a superseding Amended Complaint. (Doc. No. 4.) Plaintiff made numerous unrelated claims in his Amended Complaint; only his deliberate indifference to medical needs claim proceeded past screening. (Doc. Nos. 7, 18.) Defendant Joe Page has now filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. Nos. 21, 22.) Plaintiff has not responded and this matter is now ripe for a decision. After careful review of Plaintiff's Amended Complaint, I recommend Defendant Page's Motion be GRANTED and this case be DISMISSED without prejudice.

---

[1] Plaintiff brought claims on his own behalf and on the behalf of all present and future ADC inmates; six co-Plaintiffs filed the same complaint. The related cases are: *Brownell v. Arkansas Board of Correction, et al.*, 5:19-cv-00264-JM-JJV (E.D. Ark.); *Hollis v. Arkansas Board of Correction, et al.*, 5:19-cv-00265-JM-JJV (E.D. Ark.); *Gibson v. Arkansas Board of Correction, et al.*, 5:19-cv-00266-JM-JJV (E.D. Ark.); *Walker v. Arkansas Board of Correction, et al.*, 5:19-cv-00267-JM-JJV (E.D. Ark.); *Inman v. Arkansas Board of Correction, et al.*, 5:19-cv-00268-JM-JJV (E.D. Ark.); *Darrough v. Arkansas Board of Correction, et al.*, 5:19-cv-00269-JM-JJV (E.D. Ark.)

## II.     RULE 12(b)(6) STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams,* 490 U.S. 319, 326 (1989).  If, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.  *Id.* at 327 (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)); *see also O'Neal v. State Farm Fire & Cas. Co.,* 630 F.3d 1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Young v. City of St. Charles, Mo.,* 244 F.3d 623, 627 (8th Cir. 2001).  The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009).  In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Young,* 244 F.3d at 627.  The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Not *Id.* (quoting *Bell Atlantic,* 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic,* 550 U.S. at 557).

**III.   ANALYSIS**

When I gave Plaintiff a chance to amend his Complaint, I cautioned him that "an Amended Complaint renders his original Complaint without legal effect. Only claims properly set out in the Amended Complaint will be allowed to proceed." (Doc. No. 4.) I also specifically noted that his Amended Complaint should explain whether he is suing each Defendant in his or her personal or official capacity, or both capacities, among other things. (*Id*. at 6-7.)

Defendant Page correctly points out that Plaintiff failed to explain the relief he sought and failed to specify in which capacity he was suing Defendants in his Amended Complaint. (Doc. Nos. 6, 22.) Federal Rule of Civil Procedure 8(a)(3) identifies the elements a pleading must contain to state a claim; a demand for relief is a necessary element. FED. R. CIV. P. 8(a)(3). Because Plaintiff did not state the relief he sought, his Amended Complaint fails to state a claim, not only as to Defendant Page, but as to all Defendants. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915A(b).

Further, because Plaintiff did not identify the capacity in which he was suing Defendants, the Court must presume Plaintiff sued Defendants in their official capacity only. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

Plaintiff's official capacity claims against Defendant Page fail because they are the equivalent of claims against the State of Arkansas. *See Will v. Michigan Dept. of State Police*, 491

U.S. 58, 71 (1989). Section 1983 provides for a cause of action against a person acting under color of state law who deprives another of a federally-protected right. 42 U.S.C. § 1983. However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71. Because Defendant Page is an official of the State of Arkansas, he cannot be considered a "person" in his official capacity for the purposes of § 1983. Accordingly, Defendant Page's Motion to Dismiss should be granted and Plaintiff's claims against Defendant Page be dismissed.

I will not address Defendant Page's remaining arguments in support of his Motion as I have already found the Motion should be granted.

### IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant Joe Page's Motion to Dismiss (Doc. No. 21) be GRANTED.

2. Plaintiff's Amended Complaint (Doc. No. 6) be DISMISSED without prejudice.

3. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying judgment would not be taken in good faith.

DATED this 8th day of November 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE